# EXHIBIT "C"
# RESIDENTIAL LEASE

03/03/2010  13:10   281-353-2651           GP MATHERNE ATTORNEY                PAGE  05/19



TEXAS ASSOCIATION OF REALTORS®
## RESIDENTIAL LEASE
USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc. 2010

1. **PARTIES:** The parties to this lease are:

   the owner of the Property, Landlord: __Khyber Holdings, LLC__; and

   Tenant(s): __Charles Cowin__

2. **PROPERTY:** Landlord leases to Tenant the following real property:

   Address: __1901 Post Oak Blvd #604__

   legally described as: _____

   in __Harris__ County, Texas, together with the following non-real-property items: __refrigerator, washer & dryer__

   The real property and the non-real-property are collectively called the "Property".

3. **TERM:**

   A. <u>Primary Term</u>: The primary term of this lease begins and ends as follows:

      Commencement Date: __8-1-09__     Expiration Date: __7-31-10__

   B. <u>Delay of Occupancy</u>: Tenant must occupy the Property within 5 days after the Commencement Date. If Tenant is unable to occupy the Property by the 5th day after the Commencement Date because of construction on the Property or a prior tenant's holding over of the Property, Tenant may terminate this lease by giving written notice to Landlord before the Property becomes available to be occupied by Tenant, and Landlord will refund to Tenant the security deposit and any rent paid. Landlord will abate rent on a daily basis for a delay caused by construction or a prior tenant's holding over. This paragraph does not apply to any delay in occupancy caused by cleaning, repairs, or make-ready items.

4. **AUTOMATIC RENEWAL AND NOTICE OF TERMINATION:**

   A. This lease automatically renews on a month-to-month basis unless Landlord or Tenant provides the other party <u>written</u> notice of termination not less than: *(Check only one box.)*
      - ☑ (1) 30 days before the Expiration Date.
      - ☐ (2) _____ days before the Expiration Date.

   B. If this lease automatically renews on a month-to-month basis, it will continue to renew on a month-to-month basis until either party provides <u>written</u> notice of termination to the other party and the notice of termination will be effective: *(Check only one box.)*
      - ☑ (1) on the last day of the month following the month in which the notice is given. Landlord is not obligated to prorate rent even if Tenant surrenders the Property before the termination date.
      - ☐ (2) on the date designated in the notice but not sooner than 30 days after the notice is given and, if necessary, rent will be prorated on a daily basis.

(TAR-2001) 1-1-10  Tenants: _____ & Landlord or Landlord's Representative: __KM__   Page 1 of 14

Residential Lease concerning: _____

C. Oral notice of termination is not sufficient under any circumstances. Time is of the essence for providing notice of termination (strict compliance with dates by which notice must be provided is required). If a box is not checked under Paragraph 4A, Paragraph 4A(1) will apply. If a box is not checked under Paragraph 4B, Paragraph 4B(1) will apply.

5. **RENT:**

   A. <u>Monthly Rent</u>: Tenant will pay Landlord monthly rent in the amount of $ 500.00 for each full month during this lease. The first full month's rent is due and payable not later than 8-1-09. Thereafter, Tenant will pay the monthly rent so that Landlord receives the monthly rent on or before:
      ☒ (1) the first day of each month during this lease.
      ☐ (2) _____
      Weekends, holidays, and mail delays do not excuse Tenant's obligation to timely pay rent.

   B. <u>Prorated Rent</u>: On or before ___N/A___ Tenant will pay Landlord $_____ as prorated rent from the Commencement Date through the last day of the month in which this lease begins.

   C. <u>Place of Payment</u>: Unless this lease provides otherwise, Tenant will remit all amounts due to Landlord under this lease to the following person or entity at the place stated and make all payments payable to the named person or entity. Landlord may later designate, in writing, another person or place to which Tenant must remit amounts due under this lease.
      Name: Allan Groves / or Cash in hand to
      Address: P.O. Box 740969 / Allan Groves
      Houston, TX 77274
      Notice: Place the Property address and Tenant's name on all payments.

   D. <u>Method of Payment</u>:
      (1) Tenant must pay all rent timely and without demand, deduction, or offset, except as permitted by law or this lease.
      (2) Time is of the essence for the payment of rent (strict compliance with rental due dates is required).
      (3) Unless the parties agree otherwise, Tenant may not pay rent in cash and will pay all rent by check, cashier's check, money order, or other means acceptable to Landlord.
      (4) Landlord ☒ requires ☐ does not require Tenant(s) to pay monthly rents by one payment.
      (5) If Tenant fails to timely pay any amounts due under this lease or if any check of Tenant is not honored by the institution on which it was drawn, Landlord may require Tenant to pay such amount and any subsequent amounts under this lease in certified funds. This paragraph does not limit Landlord from seeking other remedies under this lease for Tenant's failure to make timely payments with good funds.

   E. <u>Rent Increases</u>: There will be no rent increases through the primary term. Landlord may increase the rent that will be paid during any month-to-month renewal period by providing at least 30 days written notice to Tenant.

6. **LATE CHARGES:**

   A. If Landlord does not <u>actually receive</u> a rent payment in the full amount at the designated place of payment by 11:59 p.m. on the _3rd_ day (insert a number of 1 or more) after the date on which it is due according to Paragraph 5A, Tenant will pay Landlord for each late payment:
      (1) an initial late charge equal to (check one box only): ☒ (a) $ 25.00; or ☐ (b) _____ % of one month's rent; and
      (2) additional late charges of $ 10.00 per day thereafter until rent and late charges are paid in full. Additional late charges for any one payment may not exceed more than 30 days.

(TAR-2001) 1-1-10 Tenants: _____ & Landlord or Landlord's Representative: KH      Page 2 of 14

Residential Lease concerning: _____

B. For the purposes of paying rent and any late charges, the mailbox is not the agent for receipt for Landlord (the postmark date is not the date Landlord receives the payment). The parties agree that the late charge is based on a reasonable estimate of uncertain damages to the Landlord that are incapable of precise calculation and result from late payment of rent. Landlord's acceptance of a late charge does not waive Landlord's right to exercise remedies under Paragraph 27.

7. **RETURNED PAYMENT:** Tenant will pay Landlord $ 25.00 for each payment Tenant tenders to Landlord which is returned or not honored by the institution on which it is drawn for any reason, plus any late charges until Landlord receives payment. Tenant must make any returned payment good by paying such amount(s) plus any associated charges in certified funds.

8. **APPLICATION OF FUNDS:** Regardless of any notation on a payment, Landlord may apply funds received from Tenant first to any non-rent obligations of Tenant, including but not limited to, late charges, returned payment charges, repairs, brokerage fees, periodic utilities, pet charges, and then to rent.

9. **PETS:**

   A. Unless the parties agree otherwise in writing, Tenant may not permit, even temporarily, any pet on the Property (including but not limited to any mammal, reptile, bird, fish, rodent, or insect).

   B. If Tenant violates this Paragraph 9 or any agreement to keep a pet on the Property, Landlord may take all or any of the following action:
   (1) declare Tenant to be in default of this lease and exercise Landlord's remedies under Paragraph 27;
   (2) charge Tenant, as additional rent, an initial amount of $ N/A and $ N/A per day thereafter per pet for each day Tenant violates the pet restrictions;
   (3) remove or cause to be removed any unauthorized pet and deliver it to appropriate local authorities by providing at least 24-hour written notice to Tenant of Landlord's intention to remove the unauthorized pet; and
   (4) charge to Tenant the Landlord's cost to:
   (a) remove any unauthorized pet;
   (b) exterminate the Property for fleas and other insects;
   (c) clean and deodorize the Property's carpets and drapes; and
   (d) repair any damage to the Property caused by the unauthorized pet.

   C. When taking any action under Paragraph 9B Landlord will not be liable for any harm, injury, death, or sickness to any pet.

10. **SECURITY DEPOSIT:**

    A. **Security Deposit:** On or before execution of this lease, Tenant will pay a security deposit to Landlord in the amount of $ 500.00 . "Security deposit" has the meaning assigned to that term in §92.102, Property Code.

    B. **Interest:** No interest or income will be paid to Tenant on the security deposit. Landlord may place the security deposit in an interest-bearing or income-producing account and any interest or income earned will be paid to Landlord or Landlord's representative.

    C. **Refund:** Tenant must give Landlord at least thirty (30) days written notice of surrender before Landlord is obligated to refund or account for the security deposit.

    Notices about Security Deposits:
    (1) §92.108, Property Code provides that a tenant may not withhold payment of any portion of the last month's rent on grounds that the security deposit is security for unpaid rent.

(TAR-2001) 1-1-10 Tenants: _____ _____ _____ _____ & Landlord or Landlord's Representative: KA _____   Page 3 of 14

Residential Lease concerning: _____

(2) Bad faith violations of §92.108 may subject a tenant to liability up to 3 times the rent wrongfully withheld and the landlord's reasonable attorney's fees.
(3) The Property Code does not obligate a landlord to return or account for the security deposit until the tenant surrenders the Property and gives the landlord a written statement of the tenant's forwarding address, after which the landlord has 30 days in which to account.
(4) "Surrender" is defined in Paragraph 16 of this lease.
(5) One may view the Texas Property Code at the Texas Legislature's website which, as of the date shown in the lower left-hand corner of this form, is http://www.statutes.legis.state.tx.us/.

D. Deductions:
   (1) Landlord may deduct reasonable charges from the security deposit for:
      (a) damages to the Property, excluding normal wear and tear, and all reasonable costs associated to repair the Property;
      (b) costs for which Tenant is responsible to clean, deodorize, exterminate, and maintain the Property;
      (c) unpaid or accelerated rent;
      (d) unpaid late charges;
      (e) unpaid utilities and utility expenses Landlord incurs to maintain utilities to the Property as required by this Lease;
      (f) unpaid pet charges;
      (g) replacing unreturned keys, garage door openers, security devices, or other components;
      (h) the removal of unauthorized locks or fixtures installed by Tenant;
      (i) Landlord's cost to access the Property if made inaccessible by Tenant;
      (j) missing or burned-out light bulbs and fluorescent tubes (at the same location and of the same type and quality that are in the Property on the Commencement Date);
      (k) packing, removing, and storing abandoned property;
      (l) removing abandoned or illegally parked vehicles;
      (m) costs of reletting (as defined in Paragraph 27), if Tenant is in default;
      (n) attorney's fees, costs of court, costs of service, and other reasonable costs incurred in any legal proceeding against Tenant;
      (o) mailing costs associated with sending notices to Tenant for any violations of this lease; and
      (p) any other unpaid charges or fees or other items for which Tenant is responsible under this lease.
   (2) If deductions exceed the security deposit, Tenant will pay to Landlord the excess within 10 days after Landlord makes written demand.

11. UTILITIES:
   A. Tenant will pay all connection fees, service fees, usage fees, and all other costs and fees for all utilities to the Property (for example, electricity, gas, water, wastewater, garbage, telephone, alarm monitoring systems, cable, and Internet connections) except the following which Landlord will pay: _any_
      _services provided by HOA_
      Unless otherwise agreed, amounts under this paragraph are payable directly to the service providers.

   B. Unless provided by Landlord, Tenant must, at a minimum, keep the following utilities on, if available, at all times this lease is in effect: gas; electricity; water; wastewater; and garbage services.

   Notice: Before signing this lease, Tenant should determine if all necessary utilities are available to the Property and are adequate for Tenant's use.

12. USE AND OCCUPANCY:

(TAR-2001) 1-1-10   Tenants:_____ _____ _____ & Landlord or Landlord's Representative: _KH_  Page 4 of 14

Residential Lease concerning: _____

A. **Occupants**: Tenant may use the Property as a private residence only. The only persons Tenant may permit to reside on the Property during the term of this lease are (include names and ages of all occupants): _Charles Crosier_ _____

B. **Phone Numbers and E-mail**: Tenant must promptly inform Landlord of any changes in Tenant's phone numbers (home, work, and mobile) and e-mail not later than 5 days after a change.

C. **HOA Rules**: Tenant must comply with any owners' association rules or restrictive covenants affecting the Property. Tenant will reimburse Landlord for any fines or other charges assessed against Landlord for violations by Tenant of any owners' association rule or restrictive covenant.

D. **Prohibitions**: Unless otherwise authorized by this lease, Tenant may not install or permit any of the following on the Property, even temporarily: a spa, hot tub, above-ground pool, trampoline, or any item which causes a suspension or cancellation of insurance coverage or an increase in insurance premiums. Tenant may not permit any part of the Property to be used for: (1) any activity which is a nuisance, offensive, noisy, or dangerous; (2) the repair of any vehicle; (3) any business of any type, including but not limited to child care; (4) any activity which violates any zoning ordinance, owners' association rule, or restrictive covenant; (5) any illegal or unlawful activity; or (6) activity that obstructs, interferes with, or infringes on the rights of other persons near the Property.

E. **Guests**: Tenant may not permit any guest to stay on the Property longer the amount of time permitted by any owners' association rule or restrictive covenant or __14__ days without Landlord's written permission, whichever is less.

F. **Common Areas**: Landlord is not obligated to pay any non-mandatory or user fees for Tenant's use of any common areas or facilities (for example, pool or tennis courts).

13. **PARKING RULES**: Tenant may not permit more than __1__ vehicles, including but not limited to automobiles, trucks, recreational vehicles, trailers, motorcycles, all-terrain vehicles, jet skis, and boats, on the Property unless authorized by Landlord in writing. Tenant may not park or permit any person to park any vehicles in the yard. Tenant may permit vehicles to be parked only in drives, garages, designated common parking areas, or in the street if not prohibited by law or an owners' association. Tenant may not store or permit any person to store any vehicles on or adjacent to the Property or on the street in front of the Property. In accordance with applicable state and local laws, Landlord may have towed, at Tenant's expense: (a) any inoperative vehicle on or adjacent to the Property; (b) any vehicle parked in violation of this paragraph or any additional parking rules made part of this lease; or (c) any vehicle parked in violation of any law, local ordinance, or owners' association rule.

14. **ACCESS BY LANDLORD**:

A. **Advertising**: Landlord may prominently display a "For Sale" or "For Lease" or similarly worded sign on the Property during the term of this lease or any renewal period. Landlord or Landlord's contractor may take interior or exterior photographs or images of the Property and use the photographs or images in any advertisements to lease or sell the Property.

B. **Access**: Before accessing the Property, Landlord or anyone authorized by Landlord will attempt to first contact Tenant, but may enter the Property at reasonable times without notice to make repairs or to show the Property to prospective tenants or buyers, inspectors, fire marshals, lenders, appraisers, or insurance agents. Additionally, Landlord or anyone authorized by Landlord may peacefully enter the Property at reasonable times without first attempting to contact Tenant and without notice to: (1) survey or review the Property's condition and take photographs to document the condition; (2) make

(TAR-2001) 1-1-10   Tenants:_____ _____ _____ & Landlord or Landlord's Representative: _RK_ _____   Page 5 of 14

Residential Lease concerning: _____

emergency repairs; (3) exercise a contractual or statutory lien; (4) leave written notices; or (5) seize nonexempt property if Tenant is in default.

C. **Trip Charges:** If Landlord or Landlord's agents have made prior arrangements with Tenant to access the Property and are denied or are not able to access the Property because of Tenant's failure to make the Property accessible, Landlord may charge Tenant a trip charge of $ N/A .

D. **Keybox:** A keybox is a locked container placed on the Property holding a key to the Property. The keybox is opened by a special combination, key, or programmed access device so that persons with the access device may enter the Property, even in Tenant's absence. The keybox is a convenience but involves risk (such as unauthorized entry, theft, property damage, or personal injury). Neither the Association of REALTORS® nor MLS requires the use of a keybox.

   (1) Tenant authorizes Landlord, Landlord's property manager, and Landlord's broker to place on the Property a keybox containing a key to the Property:
      (a) during the last N/A days of this lease or any renewal or extension; and
      (b) at any time Landlord lists the Property for sale with a Texas licensed broker.

   (2) Tenant may withdraw Tenant's authorization to place a keybox on the Property by providing written notice to Landlord and paying Landlord a fee of $ N/A as consideration for the withdrawal. Landlord will remove the keybox within a reasonable time after receipt of the notice of withdrawal and payment of the required fee. Removal of the keybox does not alleviate Tenant's obligation to make the Property available for showings as indicated in Paragraph 14B.

   (3) If Landlord or Landlord's agents have notified Tenant of their intent to access the Property to show it to prospects and are denied or are not able to access the Property because of Tenant's failure to make the Property accessible, Landlord may charge Tenant a trip charge of $ N/A .

   (4) Landlord, the property manager, and Landlord's broker are not responsible to Tenant, Tenant's guests, family, or occupants for any damages, injuries, or losses arising from use of the keybox unless caused by Landlord, the property manager, or Landlord's broker.

## 15. MOVE-IN CONDITION:

A. Landlord makes no express or implied warranties as to the Property's condition. Tenant has inspected the Property and accepts it AS-IS provided that Landlord: _____

B. Tenant will complete an Inventory and Condition Form, noting any damages to the Property, and deliver it to Landlord within N/A days after the Commencement Date. If Tenant fails to timely deliver the Inventory and Condition Form, the Property will be deemed to be free of damages, unless otherwise expressed in this lease. The Inventory and Condition Form is not a request for repairs. Tenant must direct all requests for repairs in compliance with Paragraph 18.

## 16. MOVE-OUT:

A. **Move-Out Condition:** When this lease ends, Tenant will surrender the Property in the same condition as when received, normal wear and tear excepted. Tenant will leave the Property in a clean condition free of all trash, debris, and any personal property. Tenant may not abandon the Property.

B. **Definitions:**
   (1) "Normal wear and tear" means deterioration that occurs without negligence, carelessness, accident, or abuse.

(TAR-2001) 1-1-10  Tenants:_____ & Landlord or Landlord's Representative: KH _____  Page 6 of 14

Residential Lease concerning: _____

(2) "*Surrender*" occurs when all occupants have vacated the Property, in Landlord's reasonable judgment, and one of the following events occurs:
   (a) the date Tenant specifies as the move-out or termination date in a written notice to Landlord has passed; or
   (b) Tenant returns keys and access devices that Landlord provided to Tenant under this lease.

(3) "*Abandonment*" occurs when all of the following occur:
   (a) all occupants have vacated the Property, in Landlord's reasonable judgment;
   (b) Tenant is in breach of this lease by not timely paying rent; and
   (c) Landlord has delivered written notice to Tenant, by affixing it to the inside of the main entry door or if the Landlord is prevented from entering the Property by affixing it to the outside of the main entry door, stating that Landlord considers the Property abandoned, and Tenant fails to respond to the affixed notice by the time required in the notice, which will not be less than 2 days from the date the notice is affixed to the main entry door.

C. Personal Property Left After Move-Out:
   (1) If Tenant leaves any personal property in the Property after surrendering or abandoning the Property Landlord may:
      (a) dispose of such personal property in the trash or a landfill;
      (b) give such personal property to a charitable organization; or
      (c) store and sell such personal property by following procedures in §54.045(b)-(e), Property Code.
   (2) Tenant must reimburse Landlord all Landlord's reasonable costs under Paragraph 16C(1) for packing, removing, storing, and selling the personal property left in the Property after surrender or abandonment.

17. PROPERTY MAINTENANCE:

A. Tenant's General Responsibilities: Tenant, at Tenant's expense, must:
   (1) keep the Property clean and sanitary;
   (2) promptly dispose of all garbage in appropriate receptacles;
   (3) supply and change heating and air conditioning filters at least once a month;
   (4) supply and replace all light bulbs, fluorescent tubes, and batteries for smoke detectors, carbon monoxide detectors, garage door openers, ceiling fan remotes, and other devices (of the same type and quality that are in the Property on the Commencement Date);
   (5) maintain appropriate levels of necessary chemicals or matter in any water softener;
   (6) take action to promptly eliminate any dangerous condition on the Property;
   (7) take all necessary precautions to prevent broken water pipes due to freezing or other causes;
   (8) replace any lost or misplaced keys;
   (9) pay any periodic, preventive, or additional extermination costs desired by Tenant;
   (10) remove any standing water;
   (11) know the location and operation of the main water cut-off valve and all electric breakers and how to switch the valve or breakers off at appropriate times to mitigate any potential damage;
   (12) water the foundation of the Property at reasonable and appropriate times; and
   (13) promptly notify Landlord, in writing, of all needed repairs.

B. Yard Maintenance:

   (1) "*Yard*" means all lawns, shrubbery, bushes, flowers, gardens, trees, rock or other landscaping, and other foliage on or encroaching on the Property or on any easement appurtenant to the Property, and does not include common areas maintained by an owners' association.

(TAR-2001) 1-1-10  Tenants: _____, _____ & Landlord or Landlord's Representative: _KH_, _____   Page 7 of 14

Residential Lease concerning: _____

(2) "*Maintain the yard*" means to perform activities such as, but not limited to: (a) mowing, fertilizing, and trimming the yard; (b) controlling pests in the yard; and (c) removing debris from the yard.

(3) Unless prohibited by ordinance or other law, Tenant will water the yard at reasonable and appropriate times including but not limited to the following times: _____

_____, Other than watering, the yard will be maintained as follows:

_____

☐ (a) Landlord, at Landlord's expense, will maintain the yard. Tenant will permit Landlord and Landlord's contractors reasonable access to the yard and will remove any pet from the yard at appropriate times.

☐ (b) Tenant, at Tenant's expense, will maintain the yard.

☐ (c) Tenant will maintain in effect a scheduled yard maintenance contract with: ☐ a contractor who regularly provides such service; ☐ _____

C. **Pool/Spa Maintenance**: Any pool or spa on the Property will be maintained according to a Pool/Spa Maintenance Addendum.

D. **Prohibitions**: If Tenant installs any fixtures on the Property, authorized or unauthorized, such as additional smoke detectors, locks, alarm systems, cables, satellite dishes, or other fixtures, such fixtures will become the property of the Landlord. Except as otherwise permitted by law, this lease, or in writing by Landlord, Tenant may not:
(1) remove any part of the Property or any of Landlord's personal property from the Property;
(2) remove, change, add, or rekey any lock;
(3) make holes in the woodwork, floors, or walls, except that a reasonable number of small nails may be used to hang pictures in sheetrock and grooves in paneling;
(4) permit any water furniture on the Property;
(5) install additional phone or video cables, outlets, antennas, satellite receivers, or alarm systems;
(6) replace or remove flooring material, paint, or wallpaper;
(7) install, change, or remove any fixture, appliance, or non-real-property item listed in Paragraph 2;
(8) keep or permit any hazardous material on the Property such as flammable or explosive materials;
(9) keep or permit any material or item which causes any liability or fire and extended insurance coverage to be suspended or canceled or any premiums to be increased;
(10) dispose of any environmentally detrimental substance (for example, motor oil or radiator fluid) on the Property; or
(11) cause or allow any lien to be filed against any portion of the Property.

E. **Failure to Maintain**: If Tenant fails to comply with this Paragraph 17 or any Pool/Spa Maintenance Addendum, Landlord may, in addition to exercising Landlord's remedies under Paragraph 27, perform whatever action Tenant is obligated to perform and Tenant must immediately reimburse Landlord the reasonable expenses that Landlord incurs.

18. **REPAIRS**: (Notice: Subchapter B, Chapter 92, Property Code governs repair obligations).

A. **Repair Requests**: All requests for repairs must be in writing and delivered to Landlord. If Tenant is delinquent in rent at the time a repair notice is given, Landlord is not obligated to make the repair. In the event of an emergency related to the condition of the Property that materially affects the physical health or safety of an ordinary tenant, call: 713-822-0317 Ordinarily, a repair to the heating and air conditioning system is not an emergency.

B. **Completion of Repairs**:
(1) Tenant may not repair or cause to be repaired any condition, regardless of the cause, without Landlord's permission. All decisions regarding repairs, including the completion of

(TAR-2001) 1-1-10 Tenants: _____ _____ & Landlord or Landlord's Representative: _KH_ _____ Page 8 of 14

Residential Lease concerning: _____

any repair, whether to repair or replace the item, and the selection of contractors, will be at Landlord's sole discretion.

(2) Landlord is not obligated to complete a repair on a day other than a business day unless required to do so by the Property Code.

C. <u>Payment of Repair Costs</u>: Tenant will pay Landlord or any contractor Landlord directs Tenant to pay, the first $ 50.00 of the cost to repair each condition in need of repair, and Landlord will pay the remainder, except for the following conditions which will be paid as follows.

(1) <u>Repairs that Landlord will Pay Entirely</u>: Landlord will pay the entire cost to repair:
 (a) a condition caused by the Landlord or the negligence of the Landlord;
 (b) wastewater stoppages or backups caused by deterioration, breakage, roots, ground condition, faulty construction, or malfunctioning equipment;
 (c) a condition that adversely affects the health or safety of an ordinary tenant which is not caused by Tenant, an occupant, a member of Tenant's family, or a guest or invitee of Tenant; and
 (d) a condition in the following items which is not caused by Tenant or Tenant's negligence:
  (1) heating and air conditioning systems;
  (2) water heaters; or
  (3) water penetration from structural defects.

(2) <u>Repairs that Tenant will Pay Entirely</u>: Tenant will pay Landlord or any contractor Landlord directs Tenant to pay the entire cost to repair:
 (a) a condition caused by Tenant, an occupant, a member of Tenant's family, or a guest or invitee of Tenant (a failure to timely report an item in need of repair or the failure to properly maintain an item may cause damage for which Tenant may be responsible);
 (b) damage from wastewater stoppages caused by foreign or improper objects in lines that exclusively service the Property;
 (c) damage to doors, windows, or screens; and
 (d) damage from windows or doors left open.

(3) <u>Appliances or Items that will not be Repaired</u>: Landlord does not warrant and will not repair or replace the following: None

D. <u>Trip Charges</u>: If a repair person is unable to access the Property after making arrangements with Tenant to complete the repair, Tenant will pay any trip charge the repair person may charge, which amount may be different from the amount stated in Paragraph 14C.

E. <u>Advance Payments and Reimbursements</u>: Landlord may require advance payment of repairs or payments under this Paragraph 18 for which Tenant is responsible. Tenant must promptly reimburse Landlord the amounts under this Paragraph 18 for which Tenant is responsible.

F. <u>NOTICE</u>: If Landlord fails to repair a condition that materially affects the physical health or safety of an ordinary tenant as required by this lease or the Property Code, Tenant may be entitled to exercise remedies under §92.056 and §92.0561 of the Property Code. If Tenant follows the procedures under those sections, the following remedies may be available to Tenant: (1) terminate the lease and obtain an appropriate refund under §92.056(f); (2) have the condition repaired or remedied according to §92.0561; (3) deduct from the rent the cost of the repair or remedy according to §92.0561; and (4) obtain judicial remedies according to §92.0563. Do not exercise these remedies without consulting an attorney or carefully reviewing the procedures under the applicable sections. The Property Code presumes that 7 days is a reasonable period of time for the Landlord to repair a condition unless there are circumstances which establish that a different period of time is appropriate (such as the severity and nature of

(TAR-2001) 1-1-10 Tenants: _____ _____ & Landlord or Landlord's Representative: _AH_   Page 9 of 14

Residential Lease concerning: _____

the condition and the availability of materials, labor, and utilities). Failure to strictly follow the procedures in the applicable sections may cause Tenant to be in default of the lease.

**19. SECURITY DEVICES AND EXTERIOR DOOR LOCKS:**

A. Subchapter D, Chapter 92, Property Code requires the Property to be equipped with certain types of locks and security devices. Landlord has rekeyed the security devices since the last occupant vacated the Property or will rekey the security devices within 7 days after Tenant moves in. "Security device" has the meaning assigned to that term in §92.151, Property Code.

B. All notices or requests by Tenant for rekeying, changing, installing, repairing, or replacing security devices must be in writing. Installation of additional security devices or additional rekeying or replacement of security devices desired by Tenant will be paid by Tenant in advance and may be installed only by contractors authorized by Landlord.

**20. SMOKE DETECTORS:** Subchapter F, Chapter 92, Property Code requires the Property to be equipped with smoke detectors in certain locations. Requests for additional installation, inspection, or repair of smoke detectors must be in writing. Disconnecting or intentionally damaging a smoke detector or removing a battery without immediately replacing it with a working battery may subject Tenant to civil penalties and liability for damages and attorney fees under §92.2611, Property Code.

**21. LIABILITY:** Unless caused by Landlord, Landlord is not responsible to Tenant, Tenant's guests, family, or occupants for any damages, injuries, or losses to person or property caused by fire, flood, water leaks, ice, snow, hail, winds, explosion, smoke, interruption of utilities, theft, burglary, robbery, assault, vandalism, other persons, condition of the Property, environmental contaminants (for example, carbon monoxide, asbestos, radon, lead-based paint, mold, fungus, etc.), or other occurrences or casualty losses. Tenant will promptly reimburse Landlord for any loss, property damage, or cost of repairs or service to the Property caused by Tenant, Tenant's guests, any occupants, or any pets.

**22. HOLDOVER:** If Tenant fails to vacate the Property at the time this lease ends, Tenant will pay Landlord rent for the holdover period and indemnify Landlord and prospective tenants for damages, including but not limited to lost rent, lodging expenses, costs of eviction, and attorneys' fees. Rent for any holdover period will be three (3) times the monthly rent, calculated on a daily basis, and will be immediately due and payable daily without notice or demand.

**23. RESIDENTIAL LANDLORD'S LIEN:** Landlord will have a lien for unpaid rent against all of Tenant's nonexempt personal property that is in the Property and may seize such nonexempt property if Tenant fails to pay rent. Subchapter C, Chapter 54, Property Code governs the rights and obligations of the parties regarding Landlord's lien. Landlord may collect a charge for packing, removing, or storing property seized in addition to any other amounts Landlord is entitled to receive. Landlord may sell or dispose of any seized property in accordance with the provisions of §54.045, Property Code.

**24. SUBORDINATION:** This lease and Tenant's leasehold interest are and will be subject, subordinate, and inferior to: (i) any lien or encumbrance now or later placed on the Property by Landlord; (ii) all advances made under any such lien or encumbrance; (iii) the interest payable on any such lien or encumbrance; (iv) any and all renewals and extensions of any such lien or encumbrance; (v) any restrictive covenant; and (vi) the rights of any owners' association affecting the Property.

**25. CASUALTY LOSS OR CONDEMNATION:** Section 92.054, Property Code governs the rights and obligations of the parties regarding a casualty loss to the Property. Any proceeds, payment for damages, settlements, awards, or other sums paid because of a casualty loss to the Property will be Landlord's sole property. For the purpose of this lease, any condemnation of all or a part of the Property is a casualty loss.

**26. SPECIAL PROVISIONS:** (Do not insert a lease-option or lease-purchase clause without the assistance of legal counsel. Special obligations and liabilities under statute apply to such transactions.)

(TAR-2001) 1-1-10  Tenants: _____ & Landlord or Landlord's Representative: N/A _____  Page 10 of 14

Residential Lease concerning: _____

**27. DEFAULT:**

A. If Landlord fails to comply with this lease, Tenant may seek any relief provided by law.

B. If Tenant fails to timely pay all amounts due under this lease or otherwise fails to comply with this lease, Tenant will be in default and:
  (1) Landlord may terminate Tenant's right to occupy the Property by providing Tenant with at least one day written notice to vacate;
  (2) all unpaid rents which are payable during the remainder of this lease or any renewal period will be accelerated without notice or demand;
  (3) Landlord may exercise Landlord's lien under Paragraph 23 and any other rights under this lease or the Property Code; and
  (4) Tenant will be liable for:
   (a) any lost rent;
   (b) Landlord's cost of reletting the Property including but not limited to leasing fees, advertising fees, utility charges, and other fees reasonably necessary to relet the Property;
   (c) repairs to the Property for use beyond normal wear and tear;
   (d) all Landlord's costs associated with eviction of Tenant, including but not limited to attorney's fees, court costs, costs of service, witness fees, and prejudgment interest;
   (e) all Landlord's costs associated with collection of amounts due under this lease, including but not limited to collection fees, late charges, and returned check charges; and
   (f) any other recovery to which Landlord may be entitled by law.

C. Notice to vacate under Paragraph 27B(1) may be by any means permitted by §24.005, Property Code.

D. Landlord will attempt to mitigate any damage or loss caused by Tenant's breach by attempting to relet the Property to acceptable tenants and reducing Tenant's liability accordingly.

**28. EARLY TERMINATION:** This lease begins on the Commencement Date and ends on the Expiration date unless: (i) renewed under Paragraph 4; (ii) extended by written agreement of the parties; or (iii) terminated earlier under Paragraph 27, by agreement of the parties, applicable law, or this Paragraph 28.

A. <u>Special Statutory Rights</u>   Tenants may have special statutory rights to terminate the lease early in certain situations involving family violence, military deployment or transfer, or certain sex offenses.

  (1) <u>Military</u>:  If Tenant is or becomes a servicemember or a dependent of a servicemember, Tenant may terminate this lease by delivering to Landlord a written notice of termination and a copy of an appropriate government document providing evidence of: (a) entrance into military service; (b) military orders for a permanent change of station (PCS); or (c) military orders to deploy with a military unit for not less than 90 days. Termination is effective on the 30th day after the first date on which the next rental payment is due after the date on which the notice is delivered.  Section 92.017, Property Code governs the rights and obligations of the parties under this paragraph.

  (2) <u>Family Violence</u>:  Tenant may terminate this lease if Tenant provides Landlord with a copy of a court order described under §92.016, Property Code protecting Tenant or an occupant from family

(TAR-2001) 1-1-10  Tenants: _____ _____ & Landlord or Landlord's Representative: _/s/_  Page 11 of 14

Residential Lease concerning: _____

violence committed by a cotenant or occupant of the Property. Section 92.016, Property Code governs the rights and obligations of the parties under this paragraph. If the family violence is committed by someone other than a cotenant or co-occupant of the Property, Tenant must give written notice of termination 30 days prior to the effective date of the notice.

(3) <u>Sex Offenses</u>: Tenant may have special statutory rights to terminate this lease in certain situation involving sexual assault or sexual abuse. For more information about the types of abuse and assault covered by this provision, Tenant is advised to review §92.0161, Property Code.

B. <u>Assignment, Subletting and Replacement Tenants</u>:

(1) Tenant may not assign this lease or sublet the Property without Landlord's written consent.

(2) If Tenant requests an early termination of this lease under this Paragraph 28B, Tenant may attempt to find a replacement tenant and may request Landlord to do the same. Landlord may, but is not obligated to, attempt to find a replacement tenant under this paragraph.

(3) Any assignee, subtenant, or replacement tenant must, in Landlord's discretion, be acceptable as a tenant and must sign: (a) a new lease with terms not less favorable to Landlord than this lease or otherwise acceptable to Landlord; (b) a sublease with terms approved by Landlord; or (c) an assignment of this lease in a form approved by Landlord.

(4) At the time Landlord agrees to permit an assignee, subtenant, or replacement tenant to occupy the Property, Tenant will pay Landlord:

  (a) if Tenant procures the assignee, subtenant, or replacement tenant:
    ☐ (i) $_____
    ☐ (ii) ____% of one's month rent that the assignee, subtenant, or replacement tenant is to pay.
  (b) if Landlord procures the assignee, subtenant, or replacement tenant:
    ☐ (i) $_____
    ☐ (ii) ____% of one's month rent that the assignee, subtenant, or replacement tenant is to pay.

[handwritten: N/A]

(5) Unless expressly stated otherwise in an assignment or sublease, Tenant will not be released from Tenant's obligations under this lease because of an assignment or sublease. An assignment of this lease or a sublease of this lease without Landlord's written consent is voidable by Landlord.

29. ATTORNEY'S FEES: Any person who is a prevailing party in any legal proceeding brought under or related to the transaction described in this lease is entitled to recover prejudgment interest, attorney's fees, costs of service, and all other costs of the legal proceeding from the non-prevailing party.

30. REPRESENTATIONS: Tenant's statements in this lease and any application for rental are material representations. Each party to this lease represents that he or she is of legal age to enter into a contract. If Tenant makes a misrepresentation in this lease or in an application for rental, Tenant is in default.

31. ADDENDA: Incorporated into this lease are the following addenda, exhibits and other information. If Landlord's Rules and Regulations are made part of this lease, Tenant agrees to comply with the Rules and Regulations as Landlord may, at Landlord's discretion, amend from time to time.

☐ Addendum Regarding Lead-Based Paint        ☐ Agreement Between Brokers
☐ Inventory & Condition Form                 ☐ Landlord's Rules & Regulations
☐ Landlord's Additional Parking Rules        ☐ Owners Association Rules
☐ Pet Agreement                              ☐ Pool/Spa Maintenance Addendum
☐ Protecting Your Home from Mold             ☐ Residential Lease Application
☐ Agreement for Application Deposit & Hold   ☐ Residential Lease Guaranty

& Landlord or Landlord's Representative: _KH_ ,_____  Page 12 of 14

(TAR-2001) 1-1-10  Tenants:_____

Residential Lease concerning: _____

☐ _____   ☐ _____
☐ _____

**32. NOTICES:** All notices under this lease must be in writing and are effective when hand-delivered, sent by mail, or sent by electronic transmission to *(Do not insert an e-mail address or a fax number unless the party consents to receive notices under this lease at the e-mail address or fax number specified.)*:

Tenant at the Property and a copy to:            Landlord c/o:
_____                 Allen Groves
_____                 P.O. Box 740919
_____                 Houston, TX 77274

E-mail: _____                          E-mail: _____
Fax: _____                             Fax: _____

**33. AGREEMENT OF PARTIES:**

A. <u>Entire Agreement</u>: There are no oral agreements between Landlord and Tenant. This lease contains the entire agreement between Landlord and Tenant and may not be changed except by written agreement.

B. <u>Binding Effect</u>: This lease is binding upon and inures to the benefit of the parties to this lease and their respective heirs, executors, administrators, successors, and permitted assigns.

C. <u>Joint and Several</u>: All Tenants are jointly and severally liable for all provisions of this lease. Any act or notice to, refund to, or signature of any one or more of the Tenants regarding any term of this lease, its extension, its renewal, or its termination is binding on all Tenants executing this lease.

D. <u>Waiver</u>: Landlord's past delay, waiver, or non-enforcement of a rental due date or any other right will not be deemed to be a waiver of any other breach by Tenant or any other right in this lease.

E. <u>Severable Clauses</u>: Should a court find any clause in this lease unenforceable, the remainder of this lease will not be affected and all other provisions in this lease will remain enforceable.

F. <u>Controlling Law</u>: The laws of the State of Texas govern the interpretation, validity, performance, and enforcement of this lease.

G. <u>Copyright</u>: If an active REALTOR® member of the Texas Association of REALTORS® or an active member of the State Bar of Texas does not negotiate this lease as a party or for one of the parties, either as a party's broker or attorney, this lease is voidable at will by Tenant.

**34. INFORMATION:**

A. Future inquires about this lease, rental payments, and security deposits should be directed to the person listed for receipt of notices for Landlord under Paragraph 32.

B. It is Tenant's responsibility to determine, before signing this lease, if: (i) all services (e.g., utilities, connections, schools, and transportation) are accessible to or from the Property; (ii) such services are sufficient for Tenant's needs and wishes; and (iii) Tenant is satisfied with the Property's condition.

C. The brokers to this lease have no knowledge of whether Landlord is delinquent in the payment of any lien against the Property.

(TAR-2001) 1-1-10   Tenants: _____   & Landlord or Landlord's Representative: _KH_   Page 13 of 14

Residential Lease concerning: _____

D. Unpaid rent and any unpaid amounts under this lease are reportable to credit reporting agencies.

E. Landlord is not obligated to respond to any requests for Tenant's rental and payment history from a mortgage company or other prospective landlord until Tenant has given notice of termination of this lease and Tenant is not in breach of this lease. *(Notice: Landlord or Landlord's agent may charge a reasonable fee for processing such information.)*

F. If all occupants over 18 years of age die during this lease, Landlord may: (i) permit the person named below to access the Property at reasonable times in Landlord's or Landlord's agent's presence; (II) permit the named person to remove Tenant's personal property; and (iii) refund the security deposit, less deductions, to the named person. Section 92.014, Property Code governs procedures to follow in the event of a tenant's death.
  Name: _____ Phone: _____
  Address: _____
  E-mail: _____

G. The Texas Department of Public Safety maintains a database that the public may search, at no cost, to determine if registered sex offenders are located in certain areas (see www.txdps.state.tx.us under on-line services). For information concerning past criminal activity in certain areas, contact the local police department.

H. Landlord's insurance does not cover Tenant from loss of personal property. Landlord recommends that Tenant obtain insurance for casualties such as fire, flood, water damage and theft. Tenant represents that Tenant ☐ intends ☒ does not intend to purchase such insurance.

I. Landlord's broker, _____
  ☐ will ☐ will not act as the property manager for landlord.

J. This lease is negotiable between the parties. This lease is binding upon final acceptance. READ IT CAREFULLY. If you do not understand the effect of this lease, consult your attorney BEFORE signing.

K. This lease should not be used in conjunction with executory contracts of any type, such as contracts for deed, leases with options to purchase or lease options, without the advice of an attorney.

_Khyber Holding LLC_  9/23/09
Landlord   Date

_Lance Kerner_  9/23/09
Landlord   Date

Or signed for Landlord under written property management agreement or power of attorney:
By: _____   Date _____
Printed Name: _____
Firm Name: _____

Tenant _____   Date _____
Tenant _____   Date _____
Tenant _____   Date _____
Tenant _____   Date _____

(TAR-2001) 1-1-10   Page 14 of 14