

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/31/2010

| | |
|---|---|
| IN RE: | CASE NO. |
| CHARLES PHILIP COWIN | 10-31478 |
| Debtor | Chapter 11 |

ORDER DISMISSING CHAPTER 11 CASE

On February 24, 2010, the Debtor filed his Chapter 11 Petition (docket no. 1). On March 10, 2010, the Debtor filed a Motion to Extend Time to File Schedules and Statement of Financial Affairs (docket no. 13). On March 15, 2010, this Court signed an order denying this motion (docket no. 14).

It has now been 35 days since the Debtor filed his petition. Bankruptcy Rule 1007(c) requires the Debtor to have filed his schedules and statement of financial affairs by March 10, 2010. As of March 31, 2010, the Debtor has failed to file all of these required pleadings – and has most notably failed to file his statement of financial affairs.

The Debtor may not use the Bankruptcy Code as both a shield and a sword. The Debtor has had the benefit of the automatic stay for 35 days, and yet has failed to comply with the most fundamental requirement of the Bankruptcy Code; namely, to timely file all schedules and the statement of financial affairs. This Court will not allow such abuse of the process. The Court finds that the Debtor has conducted himself in bad faith by failing to file all of these pleadings. 11 U.S.C. Section 105 (a) allows this Court to issue any order "to prevent an abuse of process." The Court concludes it should invoke its powers under Section 105(a) and enter an order dismissing this case for abuse of process. The Court's decision is consistent with the language in 11 U.S.C. Section 1112(b) – which governs dismissals of cases – because the Debtor's failure to timely file his schedules and statement of financial affairs represents an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. 1112(b)(4)(F) accordingly, it is:

ORDERED that this Chapter 11 case is dismissed; and it is further

ORDERED that the counsel who filed the petition shall return any retainer received relating to this case to the entity who paid the retainer.

Signed this 31st day of March, 2010.

_____
Jeff Bohm
United States Bankruptcy Judge